**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4430**

UNITED STATES OF AMERICA,

　　　　　　Plaintiff – Appellee,

　　　v.

RAFAEL JOSE LOPEZ-DEBORA, a/k/a Rafael Jose Lopez-Devora,
a/k/a Rafael Lopez Devora, a/k/a Rafael Jose Devora, a/k/a
Rafael Jose Lopez, a/k/a Armando Lopez Flores, a/k/a
Armando Lopez-Flores, a/k/a Armando Flores Lopez, a/k/a
Armando Flores, a/k/a Armondo Lopez Flores, a/k/a
Christopher A. Rodriguez,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Catherine C. Eagles,
District Judge. (1:13-cr-00440-CCE-1)

Submitted: November 26, 2014　　　Decided: December 4, 2014

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough,
Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant. Ripley Rand, United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Lopez-Debora appeals the fifty-seven month sentence imposed following his guilty plea to illegal reentry after removal subsequent to conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). On appeal, Lopez-Debora argues that his sentence was greater than necessary to satisfy the goals of sentencing enumerated in 18 U.S.C. § 3553(a) (2012).[*] Finding no error, we affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In evaluating a claim that a sentence is not substantively reasonable, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

---

[*] Although the Government addresses the procedural reasonableness of Lopez-Debora's sentence in its response brief, Lopez-Debora's opening brief challenges only the substantive reasonableness of his sentence. See United States v. Edwards, 666 F.3d 877, 887 (4th Cir. 2011) (recognizing that arguments not raised in appellate brief generally are not considered).

A reviewing court must accord deference to the trial court's determinations "and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis omitted). We presume on appeal that Lopez-Debora's below-Guidelines sentence is substantively reasonable. See United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Lopez-Debora bears the burden to rebut the presumption by demonstrating "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that Lopez-Debora fails to meet this burden. The record demonstrates that the court credited Lopez-Debora's argument that the continuing nature of his reentry offense caused his twenty-year-old felony convictions to significantly enhance his Guidelines range, producing a sentence greater than his offense merited. However, the court determined that this factor warranted a less substantial downward variance than Lopez-Debora requested, in light of Lopez-Debora's lengthy illegal presence in the United States and continued criminal conduct following his most recent illegal reentry. The mere fact that the court accorded less weight to this consideration than Lopez-Debora sought does not render the resulting sentence

unreasonable.  See Susi, 674 F.3d at 290 (recognizing that sentence is not unreasonable simply because district court could have assigned different weight to § 3553(a) factors in calculating its sentence).  Moreover, although Lopez-Debora identified various mitigating circumstances related to his personal history and characteristics, these circumstances are not so compelling as to require a greater departure than that provided by the district court.

Because Lopez-Debora has not rebutted the presumption of reasonableness accorded his sentence, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED